THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL LEE JONES,<br><br>               Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>               Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br><br>Case No. 1:21-CV-71-JNP<br><br>District Judge Jill N. Parrish |

**BACKGROUND**

On May 14, 2021, Petitioner Michael Lee Jones ("Jones") submitted a federal habeas-corpus petition (ECF No. 1) and requested that the court appoint counsel to represent him (ECF No. 3). On November 1, 2021, the court denied Jones's motion to appoint counsel and ordered that Respondent State of Utah ("State") respond to the petition within forty-five days. (ECF No. 4.) The court further ordered that Jones file a reply within thirty days after the State's answer or "risk dismissal." (*Id.*) After seeking and obtaining an extension of time, the State responded to the Petition on January 18, 2022 by filing a motion to dismiss it. (ECF No. 9.) More than four months then elapsed, with no reply from Jones.

On May 26, 2022, the Court issued an Order to Show Cause. The order required that Jones "must within thirty days SHOW CAUSE why his Petition should not be dismissed because he has failed to reply, as required." (ECF No. 10.) On June 13, 2022, Jones responded that he had "lost all [his] legal work pertaining to this matter" and suggested he needed copies. (ECF No. 11.) Jones also repeated his request that the court appoint him a lawyer. On August 5, 2022, the Court again

denied Jones's request for appointed counsel, but granted his request that the State "send him copies of its Motion to Dismiss and attachments." The court ordered that the State send the copies to Jones within three business days. Finally, the court ordered that Jones file his response to the Motion to Dismiss within twenty-one days from the date of the order and warned Jones that "Failure to comply will result in dismissal." (ECF No. 12.) Forty-one days have now passed, and the court still has not heard from Jones. Indeed, the court has not heard from the Jones in over three months.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). This court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a [petitioner's] failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating that the court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

The court can apply the *Ehrenhaus* factors as a guideline in determining whether to dismiss a habeas case. There are five *Ehrenhaus* factors: "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's

culpability; (4) whether the noncomplying litigant was warned that dismissal was a likely sanction; and (5) "the efficacy of lesser sanctions."*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying *Ehrenhaus* factors in habeas case). Dismissal with prejudice is appropriate only when these factors overshadow the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (explaining that the factors are a "non-exclusive list of sometimes-helpful 'criteria' or guide posts . . .") *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

    First, the court weighs the degree of actual prejudice to the State. Prejudice may be inferred from delay and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp*., 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving the district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation.'") (citation omitted).

The Court concludes that Jones's neglect prejudices the State, which has spent considerable time and resources defending this lawsuit. The State prepared and filed a 33-page motion to dismiss supported by more than 20 exhibits. It has been almost eight months since that filing and Jones has failed to reply. Allowing the case to proceed while Jones has not met his duty may cause the State to spend additional time and resources defending a case that Jones is not interested in pursuing. The court finds that the degree of actual prejudice weighs in favor of dismissal. *See Oliver v. Wiley*, No. 09-cv-441-PAB, 2010 U.S. Dist. LEXIS 92836, at *5 (D. Colo. Aug. 18, 2010) ("Applicant's failure to provide the Court with a current address . . . and failure to keep abreast of his case has prejudiced Respondent, who was forced to answer an Application that Applicant appears to have no intention of pursuing. While arguably this prejudice is not ongoing, this factor weighs slightly in favor of dismissal.").

The second factor courts consider is the amount of interference with the judicial process. A plaintiff's refusal to respond to the defendant's filings or the district court's orders has been considered as interference with the judicial process sufficient to warrant dismissal. *See Jones*, 996 F.2d at 265 (holding that repeatedly ignoring court orders interferes with docket management and unnecessarily burdens the court); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing the case under *Ehrenhaus* because "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"). Jones's failure to comply with the court's orders weighs in favor of dismissal.

The third factor the court considers is the litigant's culpability. Culpable behavior includes repeated failures to respond to orders and unexplained delays in responding. *See Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017) (holding that Petitioner's failure to respond

to court orders while sending Defendants five discovery requests supports "an inference of willful non-compliance"); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."). Jones has not responded to the court's orders. (ECF Nos. 4, 10, 12). More than three months have elapsed since the court last heard from him. Jones's pleadings are construed liberally because he is proceeding pro se, but he is not excused from the same rules of procedure that govern other litigants. The Court concludes that his culpability weighs in favor of dismissal.

The fourth factor the court considers is whether the court warned a noncomplying litigant that dismissal was a likely sanction. In its August 5, 2022 order, the court warned Jones that "[f]ailure to comply will result in dismissal." (ECF No. 12.) The court has warned Jones of this possibility multiple times. (ECF Nos. 4, 10.) The court's repeated warnings weigh in favor of dismissal. *See O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (supporting dismissal with prejudice for failure to appear especially after litigant had been warned repeatedly of consequences).

The final factor the court considers is the efficacy of lesser sanctions. The Tenth Circuit has stated:

> [Dismissal] is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

5

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

For a pro se party, courts should carefully evaluate alternatives to dismissal "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The first alternative sanction the court considers is a stay. However, the court concludes that a stay would be ineffective because Jones has stopped responding. *See Villecco,* 707 F. App'x at 533 (noting that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'"). The court doubts that money sanctions would be effective as "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished). The court also doubts the effectiveness of evidentiary sanctions because Jones's failure to respond makes it unclear to the court whether he wishes to proceed. *See Kalkhorst v. Medtronic, Inc.*, 2018 U.S. Dist. LEXIS 215598, at *12-13 (D. Colo. Dec. 19, 2018) ("[I]t is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims[,]" [so] "the [c]ourt doubts that a monetary or evidentiary sanction would be practical or effective."). Thus, the court concludes that sanctions weaker than dismissal would not be effective.

## CONCLUSION

After weighing the *Ehrenhaus* factors, the timeline, and Jones's lack of responsiveness, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the petition is DISMISSED.

DATED September 15, 2022.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court